UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

**Bobby Fisher, Inc., d.b.a. The Fisher Company,**

    *Plaintiff*,

v.                                                              Case No. 3:13-cv-196
                                                                            Judge Thomas M. Rose

**Cervecería Costa Rica, S.A., et al.,**

    *Defendants*.

---

**ENTRY AND ORDER GRANTING MOTION IN LIMINE TO EXCLUDE THE TESTIMONY OF CHARLES D. HILL, JR. BY DEFENDANTS CERVECERIA COSTA RICA, S.A., LABATT USA OPERATING CO., LLC., DOC. 20, AND DENYING MOTION IN LIMINE TO EXCLUDE THE TESTIMONY OF ANDREW CHRISTON BY DEFENDANTS CERVECERIA COSTA RICA, S.A., LABATT USA OPERATING CO., LLC. DOC. 23.**

---

    Pending before the Court are Motion in Limine to Exclude the Testimony of Charles D. Hill, Jr. by Defendants Cervecería Costa Rica, S.A., and Labatt USA Operating Co., LLC., Doc. 20, and Motion in Limine to Exclude the Testimony of Andrew Christon, also by both Defendants. Doc. 23. In the first of these motions, Defendants request that the Court exclude the proposed expert testimony of Charles Hill, testimony Hill describes in his report as constituting his "expert opinion regarding the meaning of 'diminished value' in the Ohio alcoholic beverage industry." Doc. 20-1. In the second, Defendants request that the Court exclude a calculation of lost profits of Plaintiff from termination of rights to distribute products of Labatt USA Operating Co., LLC.

1

The Federal Rules of Evidence give trial judges responsibility for acting as gatekeepers over expert testimony. See Fed. R. Evid. 702; *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999).  A judge does not abuse his considerable discretion in excluding "what amount[s] to a legal opinion" from an expert witness. *Stoler v. Penn Cent. Transp. Co.,* 583 F.2d 896, 899 (6th Cir. 1978); see also *Torres v. County of Oakland*, 758 F.2d 147, 150 (6th Cir. 1985) *Halvorsen v. Plato Learning, Inc*., 167 Fed. App'x 524, 531 (6th Cir. 2006).

As to Charles Hill's testimony, his years of experience in the beverage distribution industry would qualify him as an expert regarding terms used in the field if he established that those terms differed from ordinary use. See *Hoffman v. State Medical Board of* Ohio, 113 Ohio St. 3d 376, 380 (Ohio 2007).  While a court may allow an expert to testify and disregard any impermissible legal conclusions when the matter is tried to the court, *Knisely v. United* States, 817 F. Supp. 680, 690 (S.D. Ohio 1993), Hill's testimony consists wholly of legal argument.  Counsel for Plaintiff is welcome to exercise the right he has reserved in the Final Pretrial Order, doc. 41, to file a trial brief by doing so, detailing the statutory history and legislative intent to which Mr. Hill would testify. Defendants' motion to exclude the expert testimony of Charles Hill, doc. 20, is **GRANTED**.

As to the testimony of Andrew Christon, he wishes to testify regarding the diminished value of Plaintiff's business based upon lost profits.  Defendant cites a variety of cases to the Court that distinguish lost profits from diminished value, all arising from language and circumstances similar to, but each distinguishable from, the instant case.  Because the Ohio Revised Code provision at issue here entitles Plaintiff to the "diminished value" of his business that is "directly related to the sale of the terminated or non-renewed product or brand…include[ing], but not…limited to, the appraised market value of those assets of the

distributor principally devoted to the sale of the terminated or non-renewed product or brand and the good will associated with that product or brand." Ohio Rev. Code § 1333.85(D).

Because the phrase "is not limited to" leaves open the question of what is properly included and properly excluded from the calculation, and because the phrase appears elastic enough to accommodate unique circumstances, the Court is not prepared at this juncture to rule Christon's testimony irrelevant. This determination will be made at trial, in light of the evidence adduced there. Thus, Defendants' motion to exclude the testimony of Andrew Christon is **DENIED**.

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, May 5, 2014.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE